UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OZCAN TANKOBA,<br><br>      Plaintiff,<br><br>      v.<br><br>CAFE FIGARO, INC, et al.,<br><br>      Defendants. | Case No.  26-cv-01527-RFL<br><br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915 AND ORDERING SERVICE OF PROCESS**<br><br>Re: Dkt. No. 11 |

In his First Amended Complaint, Plaintiff Ozcan Tankoba, who is representing himself, asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), California Civil Code § 52.1 ("Bane Act"), and a negligence claim under California law against Cafe Figaro, its owner, and two of its employees.  (Dkt. No. 11 ("FAC").)[1]  Tankoba alleges that while working at Cafe Figaro he experienced religious discrimination, sexual harassment, failure to accommodate his disabilities, retaliation, and unsafe work conditions.  (*Id.*)  Tankoba's initial complaint was screened, and he was permitted to proceed on a Title VII religious accommodation and retaliation claims against Cafe Figaro.  (Dkt. No. 9.)  Tankoba was granted leave to amend, and filed the FAC.  Because the FAC asserts new claims and names new defendants, it must also be screened pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Tankoba has sued the entity "Cafe Figaro, Inc."  (Dkt. No. 1-2 at 7.)  However, the address listed in the Complaint is for "Cafe Figaro."  https://bizfileonline.sos.ca.gov/search/business, Entity No. 2424232.  Therefore, this Order assumes that the Defendant who is being sued is Cafe Figaro.  Citations to page numbers refer to ECF pagination.

1

***Count I - Sexual Harassment Claim***.  To plead a Title VII[2] or FEHA sexual harassment claim under a hostile work environment theory, a plaintiff must allege: (1) that they were subjected to verbal or physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment as to create an abusive working environment.  *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991); *Nagar v. Found. Health Sys., Inc.*, 57 Fed. App'x. 304, 305–06 & n.4 (9th Cir. 2003) (stating that the elements of a hostile work environment claim are the same under Title VII and FEHA).  It is a plaintiff's burden to allege that "defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that he or she was actually offended."  *Serri v. Santa Clara Univ.*, 172 Cal. Rptr. 3d 732, 767 (Ct. App. 2014) (cleaned up).

The FAC states a harassment claim under Title VII and Cal. Gov. Code § 12940(j) against Cafe Figaro.  Tankoba alleges that, over the course of more than a year, he was physically and verbally harassed "at every opportunity" by one of his coworkers, Defendant Alex Ponce Obando, often in plain view of other staff.  (FAC ¶ 47.)  He alleges that Ponce Obando repeatedly made statements like: "I will f*** you," and "I will f*** you and make you my wife." (*Id*.)  He further alleges that Ponce Obando frequently groped and touched Tankoba inappropriately and non-consensually, including by pressing his body against Tankoba's from behind to make "genital contact," and by touching Tankoba's "buttocks, nipples, and upper body."  (*Id.*)  The FAC alleges that Ponce Obando's conduct was extremely distressing to Tankoba.  (*Id.*)  The conduct also allegedly caused several discussions between staff at Cafe Figaro, with some of Tankoba's coworkers expressing surprise and discomfort about Ponce Obando's conduct.  (*Id.*)  However, the FAC alleges that aside from a single ineffective warning given by Defendant Delil Will Akkaya, no effort was made to address the misconduct, and

---

[2] Although Counts I and II do not cite Title VII, the FAC asserts that Tankoba experienced "religious discrimination [and] sexual harassment . . . under Title VII."  (FAC ¶ 2.)

Tankoba was allegedly threatened when he reported the harassment to D. Akkaya.  (*Id.*)  These allegations are more than enough to state claim against Cafe Figaro.

For the same reasons, the FAC states a claim under FEHA against Ponce Obando for his alleged harassing conduct.  *See* Cal. Gov. Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee. . .").  However, the FAC does not state a claim against Ponce Obando under Title VII, because the federal statute does not create liability against employees in their individual capacities but instead imposes liability on the company that is the employer.  *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (finding that Congress did not "intend[] to allow civil liability to run against individual employees" under Title VII).

Finally, no sexual harassment claim has been stated against John Cihan Akkaya (the alleged owner of Cafe Figaro) or D. Akkaya in their individual capacities under FEHA because they are not alleged to have personally perpetrated any sexual harassment.  While D. Akkaya is alleged to have acted aggressively towards Tankoba and to have made derogatory statements about his smell (FAC ¶¶ 29, 34–35), there are no allegations that the statements were on the basis of a protected characteristic such as race or sex.  And Title VII does not create individual liability, as explained above.[3]

***Count II - Religious Discrimination Claim***.  The prior screening order already found that the allegations in the initial complaint plausibly pled a religious discrimination claim against Cafe Figaro under Title VII on a failure to accommodate theory.  (Dkt. No. 9 at 2–3.)  Therefore, the FAC—which contains these same allegations—plausibly pleads a religious discrimination claim under both Title VII and Cal. Gov. Code § 12940(a) against Cafe Figaro.  *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 & n. 3 (9th Cir. 2023) (requiring the same prima facie showing for plaintiff's failure to accommodate religious discrimination claim under Title VII and FEHA).  The FAC does not state a discrimination claim against the

---

[3] However, each claim that Tankoba has stated against Cafe Figaro has also been stated against J. Akkaya in his capacity as the alleged owner of Cafe Figaro.

Individual Defendants in their individual capacities because neither statute creates personal liability for employees for acts of discrimination. *See Jones v. Lodge at Torrey Pines P'ship*, 177 P.3d 232, 236 (Cal. 2008) (no individual liability for discrimination or retaliation under FEHA); *Miller*, 991 F.2d at 588 (same under Title VII).

**Count IV - FEHA Failure to Prevent Claim**. A plaintiff seeking to recover on a failure to prevent harassment or discrimination claim under FEHA must show that (1) he was subjected to harassment or discrimination; (2) defendant failed to take all reasonable steps to prevent the unlawful conduct; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015); Cal. Gov. Code § 12940(k). Tankoba has adequately alleged that he was subject to harassment and discrimination while working at Cafe Figaro. He has also alleged that Cafe Figaro failed to take reasonable steps available to it to prevent the harassment and discrimination—such as disciplining Ponce Obando or providing Tankoba with the religious accommodation he requested. Finally, the FAC alleges that Tankoba has suffered injuries. Therefore, Tankoba has stated a claim under Cal. Gov. Code § 12940(k) against Cafe Figaro.

The FAC does not state a failure to prevent claim against the Individual Defendants in their individual capacities, because no such liability exists under FEHA. *See Murphy v. Shasta Cmty. Health Ctr.*, No. 13-cv-0412, 2014 WL 996226, at *4 (E.D. Cal. Mar. 13, 2014) (explaining that FEHA only creates individual liability for personal acts of harassment).

**Count III - Retaliation Claim**. The prior screening order has already found that the allegations in the initial complaint plausibly pled a retaliation claim against Cafe Figaro under Title VII. (Dkt. No. 9 at 4.) Therefore, the FAC—which contains these same allegations— plausibly pleads a retaliation claim under both Title VII and Cal. Gov. Code § 12940(h) against Cafe Figaro. *See Loggins v. Leland Stanford Junior Univ.*, No. 24-cv-02027-JSC, 2024 WL 3955470, at *5 (N.D. Cal. Aug. 26, 2024) (explaining that the elements of a retaliation claim are the same under Title VII and FEHA). The FAC does not state a retaliation claim against the Individual Defendants in their individual capacities because neither statute creates personal

liability for retaliation by employees. *See Jones*, 177 P.3d at 236; *Miller*, 991 F.2d at 588.

 ***Count V - Bane Act Claim***.    California's Bane Act provides a cause of action against any person who "whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(b)–(c). "Speech alone is not sufficient to support an action brought pursuant to subdivision (b) or (c), except upon a showing that the speech itself threatens violence against a specific person," resulting in the threatened person "reasonably fear[ing] that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." *Id.* § 52.1(k); *see also Jensen v. Thomas*, No. 23-cv-01628-RFL, 2024 WL 2853981, at *5 (N.D. Cal. May 3, 2024).

 Liberally construing the FAC, Tankoba has stated a claim under the Bane Act against J. Akkaya.[4]  Under Title VII and FEHA, filing a complaint regarding an employer's violation of the relevant statue is a statutorily protected activity. *See* 42 U.S.C.2000e-3(a); Cal. Gov. Code § 12940(h).  The FAC alleges that on April 2, 2025, J. Akkaya "verbally threatened that if Plaintiff did not withdraw his complaints [related to discrimination and harassment], he would have him killed." (FAC ¶ 58.)  Therefore, an attempted interference with statutory rights via threats of violence is adequately alleged.  Tankoba has also plausibly pled that he reasonably believed the threat, given that the alleged threat occurred in the context of J. Akkaya allegedly making false statements to the police about Tankoba, threatening Tankoba with deportation, threatening to "destroy" Tankoba in the courts, informing Tankoba that he had "influential contacts within government institutions," making defamatory statements about Tankoba to other restaurant

---

[4] Both the original complaint and the FAC also allege that D. Akkaya physically threatened Tankoba on July 20, 2024.  (Dkt. No. 1 ¶ 22; FAC ¶ 29.)  However, there are no factual allegations raising the inference that these threats by D. Akkaya involved an attempt to interfere with a protected right.

owners, and photographing Tankoba and showing other individuals Tankoba's photograph during the same period.  (*Id.* ¶¶ 47, 49, 50, 52, 61, 69, 72–73.)  Finally, Tankoba alleges that he has suffered fear, anxiety, and severe psychological distress as a result of J. Akkaya's conduct.  (*Id.* ¶¶ 49, 72, 76–77.)  The Bane Act claim is adequately alleged.

  ***Count VI – Failure to Provide a Safe Workplace / Negligence Claim***.  The TAC alleges that Defendants negligently failed to provide a safe workplace when, on July 25, 2024, J. Akkaya and D. Akkaya deliberately delayed contacting emergency services after Tankoba fell down the stairs, injuring himself.  (FAC ¶¶ 39, 95–102.)  The FAC also contains allegations regarding other unsafe work conditions.  (*Id.* ¶¶ 37–39.)  The claim is brought pursuant to California Labor Code § 6400 (part of the California Occupational Safety and Health Act) and as a common law negligence claim.

  The California Workers' Compensation Act ("CWCA") provides an exclusive remedy against employers and fellow employees—and preempts civil damages actions—with respect to certain injuries.  Cal. Lab. Code § 3602 (exclusive remedy against employer); Cal. Lab. Code § 3601 (exclusive remedy against fellow employee except for inapplicable exceptions); *see also* Cal. Lab. Code § 3600 (injuries involving negligence covered by the CWCA).  Specifically, when the injury "occurred at the worksite, in the normal course of the employer-employee relationship . . . workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." *Miklosy v. Regents of Univ. of California*, 188 P.3d 629, 645 (Cal. 2008).  Additionally, courts have consistently found that California Labor Code § 6400 does not create a private right of action.  *Litvinova v. Kaiser Found. Hosps.*, No. 25-cv-06253-SI, 2025 WL 2970252, at *6 (N.D. Cal. Oct. 21, 2025) (collecting cases).

  The allegations in the FAC do not give rise to a negligence claim premised on unsafe work conditions because that claim is preempted by the CWCA with respect to both Cafe Figaro and the Individual Defendants (who are alleged to be either coworkers or supervisors of Tankoba

employed by Cafe Figaro). *See* Cal. Lab. Code §§ 3601–3602. Tankoba seeks damages[5] for an injury resulting from conduct that occurred at the worksite and that was squarely within the normal course of an employer-employee relationship. *See*, *e.g.*, *Boone v. Salcedo*, No. F078463, 2019 WL 5853854, at *10–11 (Cal. Ct. App. Nov. 8, 2019) (holding that a claim based on a supervisors' negligent failure to summon medical care claim was preempted by the CWCA). The claim is therefore preempted. To the extent Tankoba is asserting a claim directly under California Labor Code § 6400, that claim fails for the additional reason that there is no private right of action under the statute. In short, Tankoba's remedy for these injuries is to bring a worker's compensation claim, not a lawsuit.

       ***Count VII - ADA Failure to Accommodate Claim***. The prima facie case for failure to accommodate under the ADA is: (1) a disability within the meaning of the ADA; (2) qualification to perform the essential functions of the job with reasonable accommodation; and (3) failure to reasonably accommodate the plaintiff's disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam); *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). Tankoba has stated a claim under the ADA against Cafe Figaro. He alleges that he has at least two disabilities within the meaning of the ADA: hearing loss in his right ear and metal plates in his ankle. (FAC ¶¶ 24, 31.) Tankoba alleges that he had been performing his functions as a busboy, but requested as accommodations that he be spoke to "more slowly, calmly, and clearly" and be given regular breaks from standing. (*Id.* ¶¶ 15–16, 25, 32.) Both these requests were allegedly denied. (*Id.* ¶¶ 28–29, 33.) This is sufficient to allege failure to accommodate in violation of the ADA.

       However, the FAC does not state a claim under the ADA against Individual Defendants

---

[5] In his prayer for relief, Tankoba also seeks a declaratory judgment and injunctive relief. However, Tankoba is a former employee and does not plausibly allege standing to seek prospective relief related to workplace conditions. *Bayer v. Neiman Marcus Grp.*, Inc., 861 F.3d 853, 865 (9th Cir. 2017) ("[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief.").

because "individual defendants cannot be held personally liable for violations of the ADA."
*Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006).

*Conclusion*.  For the reasons explained above the claims in the FAC are screened as follows:

- **Count I** may proceed against Cafe Figaro and J. Akkaya as its owner (under Title VII and FEHA) and against Ponce Obando (under FEHA).  The claim is dismissed as to J. Akkaya and D. Akkaya in their individual capacities because they are not alleged to have personally engaged in sexual harassment of Tankoba.

- **Count II–IV** and **VII** may proceed against Cafe Figaro and J. Akkaya as its owner.  The claims are dismissed as to the other Defendants in their individual capacities because neither Title VII, the ADA, nor Cal. Gov. Code §§ 12940(a), (h), or (k) create personal liability for coworkers or supervisors.

- **Count V** may proceed against J. Akkaya in his individual capacity and as owner of Cafe Figaro.

- **Count VI** is dismissed because the claim is preempted by the CWCA, and because California Labor Code § 6400 does not create a private right of action.

This order is without prejudice to Defendants moving to dismiss on any grounds once they appear in the case after being served with the FAC.  This order is also without prejudice to Tankoba seeking leave to amend under Federal Rule of Civil Procedure 15 in order to add allegations that other Individual Defendants personally engaged in the sexual harassment in Counts I or the threats in Count V.

*Service of Process*.  The Clerk of the Court **SHALL** issue summonses, and the United States Marshal **SHALL** serve, without prepayment of fees, a copy of the First Amended Complaint (Dkt. No. 11), with all attachments thereto, and a copy of this Order:

- Upon Defendant Cafe Figaro, through its registered agent Cihan Akkaya, 1318 Broadway, Burlingame, CA 94010.

- Through personal service upon Defendant John Cihan Akkaya at his work

address, 1318 Broadway, Burlingame, CA 94010.

- Through personal service upon Defendant Alex Ponce Obando at his work address, 1318 Broadway, Burlingame, CA 94010.

If the United States Marshal is unable to personally serve Defendants John Cihan Akkaya and Alex Ponce Obando at work, the United States Marshal shall file a notification to that effect on the docket, so that Tankoba may request the Court to authorize the issuance of a subpoena on Defendant Cafe Figaro to determine the last known home addresses of John Cihan Akkaya and Alex Ponce Obando.

All communications by Tankoba with the Court must be served on Defendants, and the Court may disregard any document which Tankoba files but fails to send a copy to Defendants. Until Defendants' counsel has appeared in the case through a filing on the Court's docket, Tankoba shall mail a true copy of the document directly to Defendants. Once Defendants are represented by counsel and counsel enters an appearance on the record, all documents Tankoba files with the Court will be electronically served on counsel, and Tankoba will no longer need to mail copies to Defendants.

**IT IS SO ORDERED.**

Dated: April 14, 2026

RITA F. LIN
United States District Judge

9