UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZCAN TANKOBA,<br>Plaintiff,<br>v.<br>CAFÉ FIGARO, INC, et al.,<br>Defendants. | Case No. 26-cv-01527-RFL<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 18 |

Self-represented Plaintiff commenced two actions in state court against Defendants. He then brought this action in federal court before commencing two other actions in state court. All five cases arise from the Plaintiff's employment at Café Figaro and the harassment he allegedly suffered while working there. In light of the four pending state court cases, Defendants now move to stay this action under the *Colorado River* Doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons set forth below, the motion to stay is **DENIED**.

***Legal Standard.*** Courts must evaluate eight factors in deciding whether to enter a *Colorado River* stay:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841-842 (citation omitted). "These factors are not a mechanical checklist," and they are considered "in a pragmatic, flexible

manner[,] . . . with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 842 (citations and quotation marks omitted). The party requesting a *Colorado River* stay "bears a heavy burden in justifying such an order." *See Ally Bank v. Castle*, No. 11-cv-00896-YGR, 2012 WL 3627631, at *3 (N.D. Cal. Aug. 20, 2012) (citations omitted). Ultimately, the propriety of entering a *Colorado River* stay rests within a district court's discretion. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Such discretion is "narrow," however, with entering a stay being "the exception, not the rule." *See Seneca*, 862 F.3d at 841, 847 (citation omitted).

Defendants offer little analysis in their brief beyond simply invoking *Colorado River*, identifying the factors, and explaining that the various cases cover similar facts and claims. As explained below, they fail to meet their burden to demonstrate the propriety of a stay.

***Jurisdiction Over Property.*** This factor concerns "whether either [the state court or the federal] court was the first to assert jurisdiction over property at stake." *See id.* at 842. No property is at stake, and no court has assumed jurisdiction over property. This factor does not weigh in favor of a stay. *See, e.g.*, *Fisk Elec. Co. v. Obayashi Corp.*, 823 F. App'x 507, 508 (9th Cir. 2020); *King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2025 WL 3514602, at *2 (N.D. Cal. Dec. 8, 2025).

***Inconvenience of Federal Forum.*** This factor concerns "the geographical inconvenience of the federal forum." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). All four of the state court cases are pending in the Superior Court of San Mateo County, and this federal action is pending in San Francisco. Given the short distance between the forums, the federal forum is not inconvenient. *See, e.g.*, *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1188 (9th Cir. 2024) (fewer than 200 miles between state and federal courthouses not inconvenient). This factor does not weigh in favor of a stay.

***Avoidance of Piecemeal Litigation.*** This factor concerns "whether there are special concerns associated with resolving the issues in a piecemeal fashion via parallel proceedings." *See Seneca*, 862 F.3d at 842. Defendants identify no such special concerns or exceptional

circumstances here and instead point generally to the overlap in the cases. That does not satisfy their burden as to this factor:

> A general preference for avoiding piecemeal litigation is insufficient to warrant [a *Colorado River* stay]. Any case in which *Colorado River* is implicated will inevitably involve the possibility of conflicting results, piecemeal litigation, and some duplication of judicial efforts, which are the unavoidable price of preserving access to . . . federal relief. Instead there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic.

*Id.* at 842-43 (citations and quotation marks omitted). Nothing in the record indicates that "this dispute evinces a special or important rationale or legislative preference for resolving the[] issues in a single proceeding." *Id.* at 843. This factor does not weigh in favor of a stay.

***Order in Which the Forums Obtained Jurisdiction.*** "In determining the order in which the state and federal courts obtained jurisdiction, district courts are instructed not simply to compare filing dates, but to analyze the progress made in each case in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* (citation and quotation marks omitted). Defendants offer no discussion of the relative progress of the state and federal proceedings. They therefore fail to satisfy their burden as to this factor. This factor does not weigh in favor of a stay.

***Federal or State Rule of Decision.*** This factor concerns "whether federal law or state law provides the rule of decision on the merits." *See id.* at 844 (citation omitted). "[A]lthough the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction], the presence of state-law issues may weigh in favor of that surrender only in some rare circumstances." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011) (citation and quotation marks omitted). Plaintiff brings both federal law and state law claims in this federal action. The presence of federal law claims weighs against a stay. As for the state law claims, "[t]hat state law provides the rule of decision supports [a stay] only when the state law questions are themselves complex and difficult issues better resolved by a state court." *See Seneca*, 862 F.3d at 844 (citation omitted). Defendants offer no explanation as to

why any state law issues here are complex or difficult. They therefore fail to satisfy their burden as to this factor. This factor does not weigh in favor of a stay.

***Adequacy of State Forum.*** This factor concerns "whether the state court might be unable to enforce federal rights." *See id.* at 845 (citations omitted). Plaintiff brings two claims under federal law in this action: a Title VII claim and an ADA claim. State courts have jurisdiction to adjudicate these claims. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) (Title VII); *Cheng v. WinCo Foods LLC*, No. 14-cv-00483-JST, 2014 WL 2735796, at *4 n.3 (N.D. Cal. June 11, 2014) (ADA). This factor weighs in favor of a stay. *See, e.g.*, *Goodin v. Vendley*, 356 F. Supp. 3d 935, 946-47 (N.D. Cal. 2018).

***Avoidance of Forum Shopping.*** This factor concerns "whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca*, 862 F.3d at 846 (citation omitted). Defendants offer no reason to think that Plaintiff engaged in forum shopping in bringing this case in federal court. Indeed, he filed two actions in state court after he commenced this federal action. Defendants therefore fail to satisfy their burden as to this factor. This factor does not weigh in favor of a stay.

***Parallelism.*** This factor concerns "whether the state court proceeding[s] sufficiently parallel[] the federal proceeding." *R.R. St.*, 656 F.3d at 982. "[E]xact parallelism" is not required; rather, the actions "must be substantially similar." *See id*. (citation and quotation marks omitted). That is the case here. Though the amended complaint in this action brings some claims not asserted in the state court actions, all five cases generally concern similar claims arising out of the same or similar alleged conduct by the same defendants. (*See* Dkt. Nos. 11, 18-1.) This factor weighs in favor of a stay.

***Conclusion.*** In sum, two factors weigh in favor of a stay, and six factors do not. Because the majority of the factors weighs against a stay, Defendants fail to offer any detailed analysis that would satisfy their heavy burden, and the Ninth Circuit has instructed that the balance should weigh heavily in favor of federal jurisdiction, the motion to stay is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 14, 2026

RITA F. LIN
United States District Judge